**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4169**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

ALFREDO LORENZO-MORALES, a/k/a Alfredo Laurenco-Morales,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00270-TDS-1)

Submitted: September 23, 2013　　　Decided: October 24, 2013

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfredo Lorenzo-Morales (a native and citizen of Mexico) pled guilty, pursuant to a written plea agreement, to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b) (2006).  At sentencing, the district court adopted the presentence report in its entirety, applying a 16-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii), for a prior violent felony conviction.  Lorenzo-Morales' total offense level, after a three-level reduction for acceptance of responsibility, was 21. With a criminal history category of IV, Lorenzo-Morales' advisory Guidelines range was 57 to 71 months' imprisonment. After hearing defense counsel's arguments for "the lowest possible sentence the Court would deem fit," the district court imposed a 64-month sentence.  Lorenzo-Morales appeals, arguing that his sentence is unreasonable.

We review a sentence for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated

2

the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013), factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Mendoza–Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

Lorenzo-Morales does not argue that the district court committed any procedural error. Rather, he argues that his sentence is substantively unreasonable in light of his personal and good work history, the characteristics and seriousness of his offense, and that his sentence is greater than necessary to achieve the goals of § 3553(a). However, the record reveals that the district court considered each of the factors identified by Lorenzo-Morales, but nonetheless concluded that a within-Guidelines sentence was appropriate. We find that Lorenzo-Morales cannot overcome the presumption of reasonableness accorded his sentence. Therefore, we affirm Lorenzo-Morales' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3